### WHITE *v.* HERRICK PIANO CO.

Injunction—Levy of Execution—Execution Levy.

An execution levy, after judgment, on the interest which the debtor appeared from the record to own in certain realty, being regular and valid, it was erroneous to restrain further proceedings by an injunction as to the judgment creditor, who made the levy in good faith without any notice of any defect in the title, or fraud claimed to have been practiced by the debtor in obtaining the deed.[1]

Appeal from Benzie; Chittenden, J. Submitted January 13, 1913. (Docket No. 94.) Decided September 30, 1913.

Bill by Jacob I. White and another against the Her-

[1] On the question of irregularities in execution as ground for injunction against sale under it, see note in 30 L. R. A. 136.

rick Piano Company and others for cancellation of certain conveyances. From a decree for complainants, said Herrick Piano Company appeals. Reversed.

*D. G. F. Warner,* for complainants.

*A. C. Hindman,* for defendant Herrick Piano Co.

McALVAY, J.   The complainants, husband and wife, filed their bill of complaint to set aside certain conveyances made by them to defendants Jacob Diefenbacker and Cora Diefenbacker severally, and to set aside a certain mortgage given by Jacob Diefenbacker to defendant Elizabeth Friar, and to set aside a certain execution levy of defendant Herrick Piano Company, upon a judgment in its favor against defendant Cora Diefenbacker, and to enjoin a sale under said levy, claiming that the transfers to the Diefenbackers were procured fraudulently and that the lien of the mortgage and the levy upon the real estate were consequently void.   Complainant Nancy White died after the commencement of suit, and, having no interest in the property involved except that of a wife, it was not considered necessary to revive the case as to her.   Her death was, however, suggested of record.

The property involved in this case was originally purchased by complainant Jacob I. White under a contract from Maggie Barry, and when full payment was made a deed was executed by her to complainant Jacob I. White and Cora Diefenbacker July 7, 1906, and duly recorded July 18, 1906.   Afterwards these parties last mentioned conveyed a half interest in this property to Jacob Diefenbacker.

Cora Diefenbacker was indebted to defendant the Herrick Piano Company, which recovered a judgment in the circuit court for Benzie county, upon which the execution issued, and the levy above mentioned

was made by the sheriff January 24, 1908, upon her interest in the land in question. The defendant Jacob Diefenbacker made and executed a mortgage to Elizabeth Friar for $275 upon his interest in said land.

Cora Diefenbacker was the daughter of complainant White, who had been married to and divorced from a man by the name of Sutherland and who had about the time of this conveyance taken up with the defendant Diefenbacker in a desultory sort of way, claiming that a marriage had been entered into between them, and by the consent of both she was known as his wife in that community. Events proved that their relations were not marital in character; she being the victim of a misplaced confidence. The record also shows that certain contracts were made between White and one or both of the Diefenbackers in relation to this same property and concerning which, so far as the interests of the appealing defendants are concerned, it is not necessary to enter into details.

The bill of complaint was filed March 3, 1908. An injunction upon an *ex parte* application to a circuit court commissioner, in the absence of the circuit judge from his circuit, was issued March 13, 1908, against defendant Herrick Piano Company, restraining it from proceeding to sell the property upon which its execution had been levied and advertised for sale. This injunction issued without filing any bond to stay proceedings upon said execution. Later a motion was made by the Herrick Piano Company to vacate and set aside this injunction for that reason, which was denied, and complainants were required to file a bond in the sum of $500 to protect this defendant in the matter of its levy and also as security for costs in the pending suit. All of the defendants except Cora Diefenbacker severally answered the bill of complaint. Issue was joined upon the answers, and the cause was heard before the court. The court granted

all the relief asked in the bill of complaint except as to the mortgage of Elizabeth Friar, which was held to be a good-faith mortgage and a bona fide lien upon the premises. Defendant Herrick Piano Company has appealed and asks that the determination of the court declaring the execution levy upon the interest of the defendant Cora Diefenbacker canceled and set aside be reversed.

The decree in this case is, to say the least, a peculiar document. It was made and entered without any notice to the appealing defendant. No explanation is made concerning it. It may be said that it contains language which in terms determines questions involved in this case and undertakes to finally dispose of the rights of the litigants. Apparently it has been accepted by all the parties interested, except the appealing defendant. As to the rights and interests of parties not before this court, we are not concerned.

The appealing defendant has brought the case here, claiming that upon the record, as far as its interests are concerned, the decree of the circuit court should be reversed. This appeal brings this matter before this court to be considered *de novo.* In the decree itself defendant is not properly described, but it is evident from its wording that it was intended to name it in connection with the execution levy which is canceled and set aside. It is therefore necessary to consider this record only with reference to the claims and contentions of this defendant. No question is raised in the record as to the validity of the judgment in its favor against defendant Cora Diefenbacker, upon which the execution issued.

An examination of the entire record does not show evidence of notice of any defect in the title to the interest which Cora Diefenbacker had in the property in question brought home to the defendant Herrick Piano Company or to any other person. This record shows at the time of the levy of the execution at least

an undivided one-fourth interest in her. From the time of the execution and record of the deed from Mrs. Barry in July, 1906, until this suit was instituted on March 3, 1908, the record title of an interest in the premises in question stood in Cora Diefenbacker.

There is no testimony in the case tending to show want of good faith on the part of the defendant Herrick Piano Company or to show any irregularity in its proceedings taken under its execution levy to sell its debtor's interest in this real estate.

The injunction was improvidently issued, and the determination of the court, as far as this appealing defendant is concerned, was erroneous. The decree as to the Herrick Piano Company vacating and canceling the execution levy is reversed and set aside, with costs of both courts to be taxed in favor of this defendant and against complainant. A decree for said costs will be entered against Albert E. Knight, surety for costs; this defendant to have execution thereof against said surety. A decree will be entered in this court in accordance with this opinion.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.